UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | |
|---|---|
| RANDY JOE BOWEN, | Case No. 3:23-cv-375 |
| Plaintiff, | |
| vs. | Judge Michael J. Newman |
| | Magistrate Judge Karen L. Litkovitz |
| SIDNEY POLICE DEPARTMENT, et al., | |
| Defendants. | |

**ORDER AND
REPORT AND RECOMMENDATION**

Plaintiff Randy Joe Bowen, proceeding *in forma pauperis* and without counsel, filed an action under 42 U.S.C. § 1983 against the Sidney Police Department and Sidney police officers Hayden Bronne ("Bronne"), Joseph Kennedy ("Kennedy"), Jordan Fox ("Fox"), Brad Anderson ("Anderson"), and Brandon Heindl ("Heindl"). (Doc. 1). By separate Order, Plaintiff has been allowed to proceed *in forma pauperis*.

This matter is before the Court for a *sua sponte* review of the complaint to determine whether the complaint or any portion of it should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B); § 805, 28 U.S.C. § 1915A(b).

**Screening of Complaint**

A.  **Legal Standard**

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an

economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see also* 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915 (e)(2)(B)(ii) and 1915A(b)(1). A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at

2

470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).  The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation."  *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).  A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do."  *Twombly*, 550 U.S. at 555.  Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement."  *Id.* at 557.  The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  *Erickson*, 551 U.S. at 93 (citations omitted).

   **B.**   **Plaintiff's Complaint**

Plaintiff is a prisoner incarcerated at the London Correctional Institution ("LCI").  He names the Sidney Police Department and officers Bronne, Kennedy, and Fox as defendants in their official and individual capacities; he names officers Anderson and Heindl in their official capacities only.[1]  (Doc. 1-2 at PageID 16).

Plaintiff alleges that on the night of August 16, 2022, he was at home and consumed some alcohol.  He and his partner engaged in a loud argument over their children's behavior.

---

[1] Defendants Bronne, Kennedy, Fox, Anderson and Heindl shall be collectively referred to as the "Officer Defendants."

3

(*Id.* at PageID 17).  Plaintiff alleges that during the argument, he heard a knock at the door.  Plaintiff shut and locked the door without answering it, believing the knocking was from a neighbor.  (*Id.*).  Plaintiff asserts that Bronne "kicked in the door hitting Plaintiff['s] face . . . causing the [P]laintiff to black-out."  (*Id.* at PageID 18).  Plaintiff alleges officer Bronne then pushed Plaintiff to the floor and punched Plaintiff in the face.  (*Id.* at PageID 18).

Plaintiff asserts that when he regained consciousness, he was lying on the floor with Bronne straddling over him.  Plaintiff raised his hands in the air and offered them to Bronne to handcuff.  (*Id.*).  Bronne "refused" to handcuff Plaintiff.  (*Id.*).  Officer Kennedy then came though the garage and into the living room and tased Plaintiff in the left arm pit area while his arms were still raised in the air.  (*Id.*).  Plaintiff alleges that officer Anderson grabbed Plaintiff's legs, allowing Kennedy to tase him in the back while he was still on the floor even though he had "no means of escape with multiple officer[s] in the room."  (*Id.* at PageID 19, 22).  Plaintiff alleges that either officer Kennedy or officer Fox dislocated Plaintiff's right ring finger when attempting to place Plaintiff's hands in handcuffs.  (*Id.* at PageID 19).  Plaintiff further alleges that officer Heindl was also present but did nothing to prevent Kennedy, Fox, or Bronne from using excessive force against him.  Heindl also reported that he was ready to tase Plaintiff when Plaintiff was lying on the floor with multiple officers on top of him.  (*Id.*).

Plaintiff alleges he was taken to Wilson Memorial Hospital in Sidney, Ohio and treated for a dislocated right finger and superficial lacerations over his left eyebrow and left cheek.  (*Id.* at 21).  In addition to his physical injuries, Plaintiff alleges the excessive use of force caused him to "defecate himself" resulting in his public humiliation.  (*Id.*).  Finally, as a result of the events of August 16 involving the Officer Defendants, Plaintiff alleges he suffered from "great mental and emotional stress."  (*Id.*).

4

Liberally construed, Plaintiff alleges federal constitutional claims of excessive use of force and failure to protect under the Fourth Amendment and state law claims of assault, battery, and negligence. (*Id.* at PageID 23). Plaintiff seeks compensatory and punitive damages as well as declaratory relief. (*Id.* at PageID 22).

## Analysis

### A. Sidney Police Department

Plaintiff names the Sidney Police Department as a defendant. However, a police department is not an entity subject to suit under § 1983. *See Boykin v. Van Buren Twp.*, 479 F.3d 444, 450 (6th Cir. 2007) (police department is an improper defendant in a § 1983 case); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994) (a municipal police department is not a legal entity subject to suit under § 1983). Therefore, Plaintiff's claims against the Sidney Police Department should be dismissed.

### B. The Officer Defendants

Plaintiff sues officers Bronne, Kennedy, and Fox in their official and individual capacities alleging Fourth Amendment claims of excessive force; he sues officers Anderson and Heindl in their official capacities only alleging Fourth Amendment claims of failure to protect. (Doc. 1-2 at PageID 16).

"While '[p]ersonal-capacity suits seek to impose personal liability upon a government official for actions he takes under color of state law,' individuals sued in their official capacities stand in the shoes of the entity they represent." *Alkire v. Irving*, 330 F.3d 802, 810 (6th Cir. 2003) (quoting *Kentucky v. Graham*, 473 U.S. 159, 165 (1985)). Due to this distinction, the Court reviews each of the capacity claims separately.

5

### 1. Official Capacity Claims

An official capacity suit is generally another way of pleading suit against the entity of which the defendant is an agent, official, or employee, and the pleader may recover damages against the entity rather than the personal assets of the individual. *Kentucky v. Graham,* 473 U.S. 159, 166 (1985). Thus, "[a] suit against an individual in his official capacity is the equivalent of a suit against the governmental entity." *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994) (citing *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 68 (1989)). Here, where Plaintiff sues the Officer Defendants in their official capacities his claims are essentially against their employer, the City of Sidney, Ohio.

Local governments like the City of Sidney, Ohio, "may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom . . . inflicts the injury that the government as an entity is responsible under § 1983." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). "To state a municipal-liability claim under § 1983, the plaintiff must allege the deprivation (1) of a right secured by the Constitution or laws of the United States, (2) that was directly caused by a municipal policy or custom." *Nichols v. Wayne Cnty. Mich.*, 822 F. App'x 445, 448 (6th Cir. 2020) (citing *Hardrick v. City of Detroit*, 876 F.3d 238, 243 (6th Cir. 2017)). A plaintiff may prove an unconstitutional "policy" or "custom" by demonstrating one of the following: "(1) the existence of an illegal official policy or legislative enactment; (2) that an official with final decision making authority ratified illegal actions; (3) the existence of a policy of inadequate training or supervision; or (4) the existence of a custom of tolerance or acquiescence of federal rights violations." *Burgess v. Fischer*, 735 F.3d 462, 478 (6th Cir. 2013) (citing *Thomas v. City of Chattanooga*, 398 F.3d 426, 429 (6th Cir. 2005)).

6

Plaintiff's Complaint appears to allege a failure to train claim against the City of Sidney. To state a claim for municipal liability on a failure to train theory, Plaintiff must allege facts showing that (1) a training program is inadequate to the tasks that the officers must perform; (2) the inadequacy is the result of the city's deliberate indifference; and (3) the inadequacy is closely related to or actually caused the plaintiff injury. *Plinton v. County of Summit,* 540 F.3d 459, 464 (6th Cir. 2008) (citing *City of Canton, Ohio v. Harris,* 489 U.S. 378, 389–91 (1989)) (internal quotation marks omitted). In this context, deliberate indifference can be demonstrated in two ways: "through evidence of prior instances of unconstitutional conduct demonstrating that the [municipality] had notice that the training was deficient and likely to cause injury but ignored it," or "through evidence of a single violation of federal rights, accompanied by a showing that the [municipality] had failed to train its employees to handle recurring situations presenting an obvious potential for such a violation." *Harvey v. Campbell County, Tenn.,* 453 Fed. Appx. 557, 562–63 (6th Cir. 2011) (internal citations omitted).

Here, Plaintiff states the Officer Defendants were improperly trained, and Heindl's statement that he was "ready to tase [P]laintiff" while multiple officers were already on top of him "shows lack of training." (Doc. 1-2 at PageID 16, 19). He further alleges that the Sidney Police Department "failed to implement police training that whether an arrestee is actively resisting arrest and the use of force to be applied and other appropriate means of detaining an arrestee and the amount of force needed." (*Id.* at PageID 21).

These vague and conclusory statements regarding the alleged lack of training of the Officer Defendants fall short of meeting the deliberate indifference standard. The Complaint contains no allegations of prior instances of unconstitutional conduct such that the City of Sidney had notice of a training deficiency. Further, Plaintiff pleads no facts indicating any lack of

7

training in connection with the alleged failure to intervene or stop the use of force by the other officers by Anderson or Heindl. Nor does Plaintiff allege facts connecting the City's alleged failure to train with a deliberate indifference to the potential for such a violation to occur. *Sanford v. Cnty. of Lucas, Ohio*, No. 3:07-CV-3588, 2009 WL 723227, at *5 (N.D. Ohio 2009). Plaintiff fails to state a municipal liability claim against these defendants in their official capacities. Therefore, the claims against all Officer Defendants *in their official capacities* should be dismissed.

2. **Individual Capacity Fourth Amendment Excessive Force Claim**

A criminal suspect has a "constitutional right to be free from the use of physical force by police officers when he is not resisting efforts to apprehend him." *Moser v. Etowah Police Dep't,* 27 F.4th 1148, 1154 (6th Cir. 2022) (quoting *Coffey v. Carroll*, 933 F.3d 577, 589 (6th Cir. 2019) (citing *Hagans v. Franklin Cnty. Sheriff's Off.*, 695 F.3d 505, 509 (6th Cir. 2012)). A claim that a police officer used excessive force in the course of an arrest is properly analyzed under the Fourth Amendment and its "objective reasonableness" standard. *Graham v. Connor*, 490 U.S. 386, 395 (1989). *See also Smith v. City of Troy, Ohio*, 874 F.3d 938 (6th Cir. 2017). Under this standard, the court must take into consideration the totality of the circumstances. *Graham,* 490 U.S. at 396. "To determine whether the officer's use of force was reasonable, the court must consider the severity of the crime at issue, whether the suspect posed a threat to the officers or others, and whether the suspect was actively resisting arrest or attempting to avoid arrest by fleeing." *Smith*, 874 F.3d at 944 (citation omitted). In addition, "an individual has a constitutional right not to be tased when he or she is not actively resisting." *Browning v. Edmonson County*, 18 F.4th 516, 525 (6th Cir. 2021).

8

Plaintiff alleges Fourth Amendment excessive use of force claims during the process of his arrest against defendants Fox, Bronne, and Kennedy. (Doc. 1-2 at PageID 16, 23). He alleges that Bronne knocked him down to the floor after entering the home and punched him in the face, rendering him unconscious; that Bronne kept Plaintiff pinned to the floor while Kennedy tased him at least once; and that Fox or Kennedy intentionally dislocated Petitioner's finger while handcuffing him even though Plaintiff was not resisting arrest. At this stage in the proceedings, without the benefit of briefing by the parties to this action, the undersigned concludes that Plaintiff may proceed for further development at this juncture with his Fourth Amendment claims for use of excessive force against Defendants Kennedy, Fox and Bronne in their individual capacities.

### 3. Individual Capacity State-Law Claims

The Court construes the allegations in the Complaint as asserting state-law claims of assault, battery, and negligence.

Where, as here, the Court has subject matter jurisdiction based on a federal question, the Court exercises supplemental jurisdiction over the state law claims. *See* 28 U.S.C. § 1367(a) (stating that "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."). "A federal court exercising supplemental jurisdiction over state law claims is bound to apply the law of the forum state to the same extent as if it were exercising its diversity jurisdiction." *Super Sulky, Inc. v. U.S. Trotting Ass'n,* 174 F.3d 733, 741 (6th Cir. 1999).

### A. *Assault and Battery*

The Complaint was filed on December 15, 2023, and the events at issue took place on August 16, 2022. (Doc. 1-2 at PageID 17). Plaintiff's state-law assault and battery claims against Kennedy, Fox and Bronne in their individual capacities are barred by Ohio's applicable one-year statute of limitations.[2] *See* Ohio Rev. Code § 2305.111(B)(1) (stating that "an action for assault or battery shall be brought within one year after the cause of the action accrues"). Therefore, Plaintiff's state-law assault and battery claims against Kennedy, Fox and Bronne *in their individual capacities* should be dismissed.

### B. *Negligence*

Plaintiff's "negligence" claim should also be dismissed. The only time plaintiff mentions the word negligence is in the introduction of his complaint. Plaintiff states, "The plaintiff also alleges the torts of assault and battery and negligence." (Doc. 1-2 at PAGEID 15).

Plaintiff fails to allege any facts giving rise to a plausible negligence claim. *See Robinson v. Bates*, 112 Ohio St.3d 17, 24 (2006). Moreover, Plaintiff cannot avoid the one-year statute of limitations for assault and battery by pleading a claim for negligence, which is governed by a two-year statute of limitations. *See* Ohio Rev. Code § 2305.10. As the Ohio Supreme Court has determined:

> Where the essential character of an alleged tort is an intentional, offensive touching, the statute of limitations for assault and battery governs even if the touching is pled as an act of negligence. To hold otherwise would defeat the assault and battery statute of limitations. Nearly any assault and battery can be pled as a claim in negligence. We agree with the court in *Grimm v. White* (1980), 70 Ohio App. 203, 24 O.O.3d 257, 258, 435 N.E.2d 1140, 1141–1142, which recognized that: " * * * [T]hrough clever pleading or by utilizing another theory of law, the assault and battery cannot be [transformed] into another type of action subject to a longer

---

[2] In contrast, Plaintiff's Fourth Amendment claim for the use of excessive force is governed by the two-year statute of limitations for § 1983 actions. *Browning v. Pendleton,* 869 F.2d 989, 992 (6th Cir. 1989). As the allegations in Plaintiff's Complaint giving rise to his excessive force claim occurred within two years of the filing of his Complaint, that claim is not time barred.

10

> statute of limitations as it would circumvent the statute of limitations for assault and battery to allow that to be done." *See, also, Arend v. Mylander* (1931), 39 Ohio App. 277, 10 Ohio Law Abs. 492, 177 N.E. 377. . . . Handcuffing is an intentional touching and it remains so whether the touching results from "excessive force" or the use of "improper police procedures." . . .  [T]he essential character of Hickman's contact with Love constituted an intentional touching.  Therefore, we find that Love's complaint against Hickman alleges, in substance, an action in battery and is barred by the one-year statute of limitations.

*Love v. City of Port Clinton*, 524 N.E.2d 166, 168 (Ohio 1988).

Plaintiff complains that Bronne punched him in the face; Kennedy tased him while he was on the ground while offering Bronne his hands to be cuffed; and either Kennedy or Fox "intentionally" dislocated Plaintiff's finger while handcuffing him.  Plaintiff clearly alleges intentional conduct on the part of officers Bronne, Kennedy, and Fox.  Therefore, his claim is one for assault and battery—not negligence—and governed by the one-year statute of limitations in Ohio Rev. Code § 2305.111.  Plaintiff's "negligence" claim is time-barred and should be dismissed.

## IT IS THEREFORE ORDERED THAT:

1. The United States Marshal shall serve a copy of the complaint, summons, and this Order and Report and Recommendation upon the following defendants as directed by plaintiff: Hayden Bronne, Joseph Kennedy, and Jordan Fox.  All costs of service shall be advanced by the United States.

2. Plaintiff shall serve upon the defendants or, if appearance has been entered by counsel, upon the defendants' attorney(s), a copy of every further pleading or other document submitted for consideration by the Court.  Plaintiff shall include with the original paper to be filed with the Clerk of Court a certificate stating the date a true and correct copy of any document was mailed to defendants or their counsel.  Any paper received by a district judge or magistrate judge which

has not been filed with the clerk or which fails to include a certificate of service will be disregarded by the Court.

3. Plaintiff shall inform the Court promptly of any changes in his address which may occur during the pendency of this lawsuit.

## IT IS THEREFORE RECOMMENDED THAT:

1. All claims with the exception of the Fourth Amendment use of excessive force claims against defendants Bronne, Kennedy, and Fox in their individual capacities be **DISMISSED.**

2. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds*, *Jones v. Bock*, 549 U.S. 199, 203 (2007).

## PROCEDURE ON OBJECTIONS:

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

March 7, 2024

Karen L. Litkovitz
UNITED STATES MAGISTRATE JUDGE