UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| RANDY JOE BOWEN, | : | Case No. 3:23-cv-375 |
| Plaintiff, | : | |
| vs. | : | District Judge Michael J. Newman |
| | : | Magistrate Judge Karen L. Litkovitz |
| SIDNEY POLICE DEPARTMENT, *et al.*, | : | |
| Defendants. | : | |

# ORDER

Plaintiff, an inmate currently incarcerated at the London Correctional Institution, in London, Ohio, brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 for alleged violations of his Fourth Amendment right to be free from excessive force during his arrest. This matter is before the Court on plaintiff's Motions for Appointment of Counsel. (Docs. 4, 14[1]).

To support his motion, plaintiff cites his inability to afford or obtain counsel, his incarcerated status, his unfamiliarity with the law, and the complexity of the issues involved. (Doc. 4 at PAGEID 72). The law, however, does not require the appointment of counsel for indigent plaintiffs in cases such as this, *see Lavado v. Keohane*, 992 F.2d 601, 604-05 (6th Cir. 1993), nor has Congress provided funds with which to compensate lawyers who might agree to represent those plaintiffs. The appointment of counsel in a civil proceeding is not a constitutional right and is justified only by exceptional circumstances. *Id*. at 605-06. *See also Lanier v. Bryant*, 332 F.3d 999, 1006 (6th Cir. 2003). Moreover, there are not enough lawyers

---

[1] The Court notes that plaintiff entitled his June 25, 2024 filing "Memorandum in Opposition to Defendants Motion to Dismiss." (Doc. 14 at PAGEID 134). However, defendants have not filed a motion to dismiss. Since plaintiff reiterated in that document his request for appointed counsel (Doc. 14 at PAGEID 149), the filing was docketed as a motion to appoint counsel.

who can absorb the costs of representing persons on a voluntary basis to permit the Court to appoint counsel for all who file cases on their own behalf.  The Court makes every effort to appoint counsel in those cases which proceed to trial and in exceptional circumstances will attempt to appoint counsel at an earlier stage of the litigation.  No such circumstances appear in this case.

**IT IS THEREFORE ORDERED THAT:**

1. Plaintiff's motions for appointment of counsel (Docs. 4, 14) are **DENIED**.

7/1/2024

KAREN L. LITKOVITZ
United States Magistrate Judge